Curia, per

Butler, J.
This case cannot be distinguished from the cases of Young and Monpoey, 2 Bail. 280, and Allcock vs. Ewen, 2 Hill, 326, and several subsequent adjudications recognizing the authority of these decisions. In these cases, it was held, that after the statutory bar was complete, there was then.no legal obligation to pay the debt, no more than if it had never been contracted; and that any subsequent promise or undertaking, to re-establish it, must be co-extensive in its purport with the original demand. In other words, it must restore the debt without qualification or condition. Otherwise the subsequent promise or acknowledgement must be judged of according to its own terms and limitations, and when there are any conditions annexed, they should be set forth as a new cause of action, and ought to be shewn to be performed.
The new undertaking of the defendant, in the case before us, and upon which the plaintiff relies to take the case out of the operation of the statute, took place nine years after he was discharged from his original liability. Did he, by the terms of the new promise, acknowledge a subsisting liability ? So far from it, he affirmed that he had paid the note, by transmitting funds through the mail, and promised *212 to be answerable only in the event of their miscarriage, and which was to be ascertained by enquiry. He said “that he had sent the money to Samuel B. Colding,” the payee of the note, but that if it was not received, he was willing to pay it again, with the further stipulation that he was willing to go himself and see about the note. Neither by its terms, nor by the operation of law arising from any implication, can this promise be regarded as identical with the obligation of the note. For, if Colding had received the money, which possibly may have been the case, there was then an end of all liability under the promise. And if the money had not been sent or received, the most that can be made of it, is, that the defendant was guilty of an evasion, with a view of avoiding the immediate payment of the debt or an inferable acknowledgement of it. The undertaking must be regarded as a separate and conditional promise, and to have made it a sufficient cause of action, it should have been specially set forth and proved. This not having been done, the defendant cannot be held subject to it, under a count on the note itself.
For these reasons, we think the circuit decree should be set aside. Motion granted.
The whole Court concurred.